# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0626.  ROY B. BRIGHT v. THE STATE.**

In a previous appeal, we reversed the trial court's denial of Appellant's motion for out-of-time appeal and gave Appellant 30 days from the date this Court's remittitur was filed in the trial court in which to file his out-of-time appeal. *Bright v. State*, ___ Ga. App. ___ (2) (Case No. A21A1140, decided August 23, 2021) (unpublished). The remittitur was filed in the trial court on September 8, 2021, and Bright timely filed his notice of appeal on September 13, 2021.

However, after this appeal was docketed in this Court, the Supreme Court of Georgia issued *Cook v. State*, ___ Ga. ___ , ___ (5) (Case No. S21A1270, decided March 15, 2022), holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5) (slip op. at 82). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final." Id.  The Supreme Court also noted that "we do not undo what has been done with respect to out-of-time appeals that already have been granted *where the ensuing appeal has concluded*." (Emphasis supplied.) Id. at (3) (e) (slip op. at 77). As this case should be construed as an "ensuing appeal" which has not yet concluded and it is "otherwise not final," *Cook* applies here. "Appellant therefore had no right to file a motion for out-of-time appeal in the trial court" *Rutledge v. State,* ___ Ga. ___, slip op. at 4 (Case No. S21A1036, decided March 15, 2022), and the trial court should have dismissed his motion instead of denying it.  It follows that in the previous appeal of this case docketed as Case No. A21A1140, we should have vacated the trial court's order denying Appellant's

motion for an out-of-time appeal and remanded for an appropriate dismissal order instead of reversing the denial of Appellant's motion and allowing him to file an out-of-time appeal upon remittitur to the trial court. Accordingly, because Appellant's current appeal stems from a procedure that our Supreme Court has specifically abolished, this appeal must be DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* *04/13/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* *, Clerk.*